IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GEORGE MARSHALL,

          Plaintiff,

  v.

STEVE BROWN, et al.,

          Defendants.

Case No. 1:20-cv-01144-CL

OPINION & ORDER

_____

CLARKE, Magistrate Judge.

      Pro se plaintiff George Marshall brings this action against six defendants alleging that they failed to provide him with adequate medical care while he was housed at Warner Creek Correctional Facility in the custody of Oregon Department of Corrections. Plaintiff brings claims under 42 U.S.C. § 1983 and § 1985 alleging violations of his Eighth Amendment rights, and he brings state law tort claims. Before the court are (1) defendants' motion for summary judgment, *see* Defs.' Mot. Summ. J. (Defs.' Mot.), ECF 82; and (2) plaintiff's cross-motion for summary judgment, *see* Pl.'s Mot. Summ. J. and Opp. Defs.' Mot. (Pl.'s Mot. and Opp.), ECF 86.

Page 1 – OPINION AND ORDER

This court has federal question jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF 22. For the reasons set forth below, defendants' motion for summary judgment (ECF 82) is DENIED, and plaintiff's motion for summary judgment (ECF 86) is DENIED.

## PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

Plaintiff is a former adult in custody (AIC) who brings this action based on his incarceration at Warner Creek Correctional Facility (WCCF). Am. Compl., ECF 7. Defendants are Steve Brown, WCCF superintendent; Joseph Bugher,[1] WCCF medical director; Dorothy Wettlaufer, WCCF medical services administrator; G. Vickerman,[2] WCCF medical services manager; Gipson,[3] WCCF health services nurse; and WCCF health services. *Id.* ¶¶ 7-21.

Plaintiff alleges that defendants failed to provide him with timely medical care for an eye injury and asserts claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs. *Id.* at ¶ 1. Plaintiff alleges that defendants "conspired together" to deprive him of timely medical care and asserts claims under 42 U.S.C. § 1985. *Id.* Based on his allegations of inadequate medical care, plaintiff also asserts state law claims against defendants for intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, and negligence. *Id.* at ¶¶ 81-100.

---

[1] Plaintiff refers to this defendant as "Joe Vugher" in his amended complaint. *See* Am. Compl. ¶¶ 11, 27, 48, 50. In subsequent filings, plaintiff corrected the spelling of this defendant's surname to Bugher. *See* Pl.'s Mot. and Opp. 7, ECF 86.
[2] Vickerman's full name is not identified in the pleadings or briefing.
[3] Gipson's full name is not identified in the pleadings or briefing.

Page 2 – OPINION AND ORDER

Defendants' motion for summary judgment argues the following: (1) there is no evidence that plaintiff suffered harm from the alleged delay in his medical care, Defs.' Mot. 3; (2) plaintiff cannot demonstrate that he received inadequate medical care "absent a medical expert", *id*. at 5; (3) plaintiff fails to allege that each supervisory defendant was personally involved in his allegedly inadequate medical care, *id*. at 6; (4) plaintiff fails to state a claim against defendants under Oregon law, *id*. at 7; (5) the Eleventh Amendment bars some or all of plaintiff's claims against defendants, *id*. at 7-8; and (6) defendants are entitled to qualified immunity, *id*. at 8-9.

Plaintiff's motion for summary judgment alleges that WCCF health services has a "policy and custom [of] . . . denying or delaying [AIC]s being referred to a physician within 72 hours", and further alleges that "[a] face to face encounter for plaintiff['s] health care requests was never conducted by a qualified health care professional within 24 hours of receipt by health staff." Pl.'s Mot. and Opp. ¶¶ 102-103. However, plaintiff does not clearly state the claims or grounds on which he seeks summary judgment or regarding which defendants. *See id.* at ¶¶ 99-114.

In support his motion for summary judgment, plaintiff submitted his own declaration. *See* Marshall Decl., ECF 91 (replacing plaintiff's original declaration, ECF 87, because it was missing pages). In his declaration, plaintiff says that he was struck in the eye with a weapon on June 25, 2019 and, following that incident, was booked in Multnomah County Inverness Jail (MCIJ). *Id.* at ¶ 2. Plaintiff states that MCIJ medical staff examined him on July 19, 2019, and gave him an "urgent referral" to ophthalmology. *Id.* at ¶ 3 (citing Ex. C to his original declaration, ECF 87-1) (Multnomah County Health Department progress notes for plaintiff that assesses him with "blunt trauma to the left eye", note "vision loss", and make an "[u]rgent referral to ophthalmology"). Plaintiff provides a post-MCIJ timeline of events regarding the medical care he allegedly sought and was allegedly denied after he came into the custody of

Page 3 – OPINION AND ORDER

Oregon Department of Corrections (ODOC) at Coffee Creek Correctional Facility, Oregon State Prison, and WCCF. *Id*. at ¶¶ 7-37.

On June 12, 2023, defendants filed a reply in support of defendants' motion for summary judgment and response to plaintiff's motion for summary judgement. Defs.' Reply and Resp., ECF 94. Defendants state the following:

> Defendants believe that [p]laintiff has, in his response brief and declaration . . . raised a point worthy of the [c]ourt's consideration and, accordingly, the case is not ripe for Summary Judgment.

*Id*. at 1. Defendants also state the following:

> Defendants understand [p]laintiff's general point—that a delay at [MCIJ] and possibly a delay after coming into the custody of defendant [ODOC]—may have caused him harm. It appears that [p]laintiff believes that a delay in referral to a specialist either allowed vision loss to progress or that an opportunity was lost for treatment that might have restored or salvaged some vision in the affected Left eye.
>
> Defendants do not concede that the lapse of time amounted to a "delay" or that a delay in and of itself would be sufficient for [p]laintiff to present this case to a jury without a medical expert's supporting opinion as to the standard of care and causation. However, in the interests of justice, and only for purposes of the pending Summary Judgment motions—that [p]laintiff has raised a sufficient issue to warrant further discovery and possibly some outside assistance to [p]laintiff to see if his theory has merit.

*Id.* at 2. Defendants note that they "do not believe [p]laintiff has cured the defects in his case with regard to establishing the personal involvement by the individually-named defendants." *Id.* at 3. However, "for the sake of judicial economy and justice," defendants state that, "it probably makes sense" for the court to deny summary judgment "without prejudice" and "allow [p]laintiff some supplemental discovery to see if he can support . . . [his claim of] medically unreasonable delay, that said delay caused harm, and that one or more [d]efendants is responsible through personal involvement in acts or omissions causing said harm." *Id.* at 3. Defendants suggest that either,

Page 4 – OPINION AND ORDER

> (1) summary judgment be denied without prejudice to permit [p]laintiff additional discovery to establish whether one or more defendants is responsible for medical delay causing harm; or (2) dismiss the individually-named defendants for lack of personal involvement and deny MSJ without prejudice to proceed on the "delay question" against [ODOC], whereafter [ODOC] and/or [p]laintiff can renew a Motion for Summary Judgment is the supplemental record so indicates.

*Id*.

## STANDARDS

**I.  Summary Judgment**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (citing FED. R. CIV. P. 56(e)).

In determining what facts are material, the court considers the underlying substantive law regarding the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Otherwise stated, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Id*. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id*. at 248-49. A "scintilla of evidence" or "evidence that is merely colorable or not significantly probative" is insufficient to create a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The court "does not weigh the evidence or determine the truth of the matter, but only

determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu*, 198 F.3d at 1134 (citation omitted).

**II.     Pro Se Pleading Standard**

Federal courts hold a pro se litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Although . . . pro se litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Moreover, on a motion for summary judgment, a pro se party involved in civil litigation "should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). "It is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case." *Claar v. Burlington N.R.R.*, 29 F.3d 499, 504 (9th Cir. 1994) (quoting *Celotex*, 477 U.S. at 324). Simply put, in areas "where [a] plaintiff does not identify specific evidence in the record to support his assertions, the Court is not required to search for it." *Woodroffe v. Oregon*, No. 2:12-CV-00124-SI, 2015 WL 2125908, at *2 (D. Or. May 6, 2015), *aff'd sub nom. Woodroffe v. Kulongoski*, 745 F. App'x 728 (9th Cir. 2018).

## DISCUSSION

Defendants concede that there may be a genuine issue of material fact as to whether plaintiff suffered harm from a denial or delay of medical care. *See* Resp. and Reply 1-3. Therefore, the court orders as follows:

(1) Defendants' motion for summary judgment (ECF 82) is denied.

(2) Plaintiff's motion for summary judgment (ECF 86) is denied.

(3) The deadline for completing discovery and to file dispositive motions is extended for six months. Discovery is to be completed and dispositive motions are due by February 2, 2024.

(4) Plaintiff is appointed counsel.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (ECF 82) is DENIED, and plaintiff's motion for summary judgment (ECF 86) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of August, 2023.

_____
MARK D. CLARKE
United States Magistrate Judge