IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **GEORGE LEE MARSHALL,** | Case No. 1:20-cv-01144-CL |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **STEVE BROWN,** *et al,* | |
| Defendants. | |

CLARKE, Magistrate Judge.

Pro se plaintiff George Marshall brings this action against six defendants alleging that they failed to provide him with adequate medical care while he was housed at Warner Creek Correctional Facility in the custody of Oregon Department of Corrections. Plaintiff brings claims under 42 U.S.C. § 1983 and § 1985 alleging violations of his Eighth Amendment rights, and he brings state law tort claims. Full consent to magistrate jurisdiction was entered on February 1, 2021 (ECF #22). For the reasons below, Plaintiff's case is dismissed, and judgment shall be entered for the defendants.

**FACTUAL BACKGROUND**

Plaintiff is a former adult in custody (AIC) who brings this action based on his incarceration at Warner Creek Correctional Facility (WCCF). Am. Compl. (#7). Defendants are Steve Brown, WCCF superintendent; Joseph Bugher, WCCF medical director; Dorothy

Wettlaufer, WCCF medical services administrator; G. Vickerman, WCCF medical services manager; Gipson, WCCF health services nurse; and WCCF health services. *Id.* ¶¶ 7-21. Plaintiff alleges that defendants failed to provide him with timely medical care for an eye injury and asserts claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs. *Id.* at ¶ 1. Plaintiff alleges that defendants "conspired together" to deprive him of timely medical care and asserts claims under 42 U.S.C. § 1985. *Id.* Based on his allegations of inadequate medical care, Plaintiff also asserts state law claims against defendants for intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, and negligence. *Id.* at ¶¶ 81-100. Based on the above allegation, Plaintiffs brings claims against the Defendants for Breach of Contract, Fraud, and Conversion, and in the alternative, Unjust Enrichment.

## PROCEDURAL BACKGROUND

On January 20, 2023, Defendants filed a (Corrected) Motion for Summary Judgment (#82). Plaintiff filed a Response (#86), which included his own Motion for Summary Judgment. Defendants then filed a Response/ Reply (#94). In their Reply to their own Motion, Defendants stated the following:

> Defendants understand [p]laintiff's general point—that a delay at [MCIJ] and possibly a delay after coming into the custody of defendant [ODOC]—may have caused him harm. It appears that [p]laintiff believes that a delay in referral to a specialist either allowed vision loss to progress or that an opportunity was lost for treatment that might have restored or salvaged some vision in the affected Left eye.
>
> Defendants do not concede that the lapse of time amounted to a "delay" or that a delay in and of itself would be sufficient for [p]laintiff to present this case to a jury without a medical expert's supporting opinion as to the standard of care and causation. However, in the interests of justice, and only for purposes of the pending Summary Judgment motions—that [p]laintiff has raised a sufficient issue to warrant further discovery and possibly some outside assistance to [p]laintiff to see if his theory has merit.

For this reason, the Court denied Defendants' Motion for Summary Judgment. *See* Opinion and Order (#96). As to Plaintiff's Motion, the Court noted, "plaintiff does not clearly state the claims or grounds on which he seeks summary judgment or regarding which defendants." *Id.* Therefore, the Court denied Plaintiff's motion as well and ordered that the deadline for completing discovery be extended for six months. Dispositive Motions were ordered to be due by February 2, 2024.

The Court then attempted to appoint pro bono counsel for Plaintiff. Three attorneys were appointed, but each declined the appointment. This process took several months, from August to November, 2023. Plaintiff decided to proceed pro se, and in December, 2023, Plaintiff was granted CM/ECF registration to allow him to file electronically.

Since that time, Plaintiff has filed more than forty-five frivolous motions, seeking to overturn the Court's order to reopen discovery and seeking to have default entered against the defendants. The Court has entered multiple orders instructing Plaintiff to cease such filings, but he continued to do so until the Court ordered that the Clerk's Office revoke Plaintiff's CM-ECF registration and filing privileges on May 21, 2025 (ECF #182).

On December 9, 2024, the parties filed a Joint Status Report ("JSR") (ECF #163) that indicated that the parties were moving forward with a plan that included the retention of a retina specialist to evaluate and treat Plaintiff at the Defendants' expense for any portion not covered by insurance or Medicaid. The parties had earlier agreed to utilize Dr. Andrew Westfall, a retina surgeon in Salem, Oregon, who is associated with OHSU's Casey Eye Institute. In the JSR of December 9, the parties agreed that, since Plaintiff was seeing his own retina specialist in Las Vegas, those records would be released by Plaintiff and sent to Dr. Westfall for review, in lieu of hiring another doctor. Dr. Westfall's expert opinion would then be disclosed to the Plaintiff and

would serve as a basis for the parties to approach settlement or to move forward in litigation. The Court adopted the parties' plan on December 11, 2024 (ECF 164).

On May 21, 2025, the Court held a telephonic status conference with the parties to check in on the progress of the case. Plaintiff expressed frustration with the lack of progress of the case. However, Plaintiff had caused the delay himself, by failing to release his medical records for evaluation by Dr. Westfall. Despite the Court's assurances on the phone that Plaintiff would be afforded a fair and full opportunity to be heard on the merits of his case, Plaintiff refused to engage in an orderly discussion, and he continued interrupting and disrupting the Court and opposing counsel. The Court was forced to terminate the call.

In the Minute Order following that status conference, the Court ordered Plaintiff to:

> provide defense counsel with the medical records necessary to complete the expert evaluation for this case by June 4, 2025. Further non-cooperation with the discovery process will result in the Court's consideration of a motion to compel, or potentially sanctions, up to and including dismissal of this case.

ECF #182.

The Court also ordered the parties to file a Status Report, joint or separate, due on June 25, 2025. On June 25, 2025, the Defendants filed a Status Report indicating that Plaintiff continues to refuse to disclose his medical records – he has not sent them to defense counsel, nor has he signed a HIPAA release to allow Defendants to obtain them. Plaintiff also did not file his own Status Report, as required by the Court's Order.

On June 30, 2025, the Court entered an Order to Show Cause:

> Plaintiff is ordered to Show Cause in Writing by 7/30/2025 why this case should not be dismissed. Plaintiff is ordered to show cause for why sanctions should not be imposed for failing to comply with a Court Order, and failing to engage in the discovery process, up to and including terminating sanctions. Plaintiff is ordered to discontinue attempting to communicate with the Court by e-mail.

> He may file conventionally, as required by Local Rule 5-l(b), subject to the screening requirements as previously imposed.

ECF #184. The Court now considers whether to dismiss this case for failing to show cause, as ordered, failing to prosecute and failing to engage in discovery.

## LEGAL STANDARD

Rule 37(b) of the Federal Rules of Civil Procedure permits sanctions against a party who "fails to obey an order to provide or permit discovery under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A). The Court has the discretion to "make such orders ... as are just" in regard to a party's failure to obey a discovery order. *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). This includes rendering a default judgment against the disobedient party, or treating the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vi)-(vii). Where it is determined that a party has acted willfully or in bad faith in failing to comply with court orders enforcing the rules of discovery, it is within the discretion of the court to render judgment by default against the party responsible for noncompliance. *United States v. Hempfling*, 2008 WL 703809, at *7 (E.D. Cal. Mar. 13, 2008), *aff'd*, 385 F. App'x 766 (9th Cir. 2010) (*quoting U G–K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978)). Similarly, a terminating sanction under Rule 37(d) is proper "for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

The Ninth Circuit Court of Appeals applies a five-factor balancing test to determine whether a sanction entering default is "just": (1) The public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) The risk of prejudice to the party seeking sanctions; (4) The public policy favoring disposition of cases on their merits; and (5) The

availability of less drastic sanctions. *Valley Engineers Inc.*, 158 F.3d at 1057 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)).

## DISCUSSION

Plaintiff was Ordered to Show Cause by July 30, 2025:

> Plaintiff is hereby ordered to appear in writing by July 30, 2025, and show cause for why the Court should not dismiss the case for failure to comply with the Court's Order of May 21, 2025, and for failure to cooperate with the discovery process. Failure to show cause by July 30, 2025, and continued failure to comply with the federal and local rules will result in dismissal of the case.

ECF #184.

Since that Order was entered, Plaintiff has attempted to file other motions, including a Motion to Compel, which demanded that Defendants produce: "1. The native EMR data for Marshall's incarceral medical encounters; and 2. The complete audit trail (electronic activity log) documenting all access, modifications, and deletions of Marshall's medical record." This Motion was not docketed, based on the Court's pre-filing order, because it continued to raise issues already addressed by the Court, and it failed to address the Order to Show Cause, as instructed by the Court. Plaintiff also filed a Motion for Ruling (ECF #189), which was mistakenly docketed without a prefiling review by chambers. Nevertheless, that Motion similarly fails to show cause for why Plaintiff has failed to disclose his medical records as instructed by the Court.

On August 5, 2025, several days after the deadline to show cause, Plaintiff filed a "Joint Status Report." ECF #185. This filing was docketed, as it purported to address the issues raised in the Order to Show Cause. A closer review, however, shows that this filing repeats all of Plaintiff's prior complaints with the procedure of this case, and it fails to address the necessary issues of disclosure of his medical records. It fails to show cause for why this case should not be dismissed.

Plaintiff has failed to comply with the Court's Order (ECF #182) to provide the medical records necessary to move this case forward. He has also now failed to show cause for why this case should not be dismissed, both for failing to comply with a discovery order, and for failing to prosecute the case. The Court has given Plaintiff numerous opportunities and extra time to comply, and his failure to do so at this point constitutes willful contempt of the Court's orders. The Court finds that the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to the opposing party outweighs the public policy favoring disposition of cases on their merits. The Court also finds that the Plaintiff's continued disregard for Court orders creates a lack of availability for less drastic sanctions. Therefore, the Court exercise its discretion to render judgment by default against Plaintiff for willful noncompliance.

## ORDER

Plaintiff's Motion (ECF # 189) is denied as moot. This case is dismissed for willful noncompliance with Court Orders (ECF #182, 184). Judgment shall be entered for the Defendants.

IT IS SO ORDERED and DATED this __1__ day of October, 2025.

MARK D. CLARKE
United States Magistrate Judge